Claude L. GLASS, Plaintiff–Appellant,

v.

**BROADWAY ELECTRIC SERVICE, INC., Defendant–Appellee.**

Nos. 02–6230, 03–5074.

United States Court of Appeals, Sixth Circuit.

Dec. 15, 2003.

Claude L. Glass, pro se, Knoxville, TN, for Plaintiff–Appellant.

Edward L. Summers, Haynes, Meek & Summers, Knoxville, TN, for Defendant–Appellee.

Before MERRITT, DAUGHTREY, and GIBBONS, Circuit Judges.

## ORDER

Claude L. Glass appeals pro se from a district court order that denied a motion for a new trial in his civil rights case. *See* Fed.R.Civ.P. 59(a). Glass also appeals the court's denial of a motion for relief from judgment that he filed under Fed. R.App. P. 60(b). His consolidated appeals have been referred to a panel of this court under Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case.

In 2001, Glass filed an employment discrimination case under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. He alleged that the defendant discriminated against him because of his race by failing to hire him and that the defendant retaliated against him for filing an EEOC charge by failing

to hire him for a position that later became available. The jury returned a verdict for the defendant, and the district court denied Glass's motion for a new trial on September 6, 2002. Glass later filed a motion to vacate the court's judgment under Rule 60(b), which was denied on December 13, 2002.

We review the denial of Glass's new trial motion for an abuse of discretion. *See Holmes v. City of Massillon,* 78 F.3d 1041, 1045 (6th Cir.1996). The jury specifically found that Glass had not shown by a preponderance of the evidence that the defendant's initial decision not to hire him was not motivated by his race or that the defendant subsequently failed to hire him in retaliation for filing a discrimination claim. Glass now argues that there was insufficient evidence to support the jury's verdict. To obtain a new trial on this ground, he must show that the jury "reached a seriously erroneous result" because its verdict was against the weight of the evidence. *See id.* at 1045–46.

The jury's findings were amply supported by the evidence at trial. In this regard, we note that there was evidence from which the jury could reasonably conclude that Glass had indicated to the defendant that he would not be available for work until June 17, 2000, and that there were no job openings at that time. There was also evidence that no job openings existed when the defendant learned of Glass's EEOC complaint and that Glass allowed his employment application to expire before additional openings became available. This evidence provided a sufficient basis for rejecting Glass's claims, as it indicates that the defendant had legitimate non-discriminatory reasons for its actions and Glass did not show that those reasons were merely a pretext for discrimination. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 514–15, 113 S.Ct.

2742, 125 L.Ed.2d 407 (1993); *Johnson v. United States Dep't of Health and Human Servs.,* 30 F.3d 45, 47–48 (6th Cir.1994).

Glass also argues that the jury instructions were improper. However, he did not raise this argument in either of his post-judgment motions and we will not consider it for the first time on appeal. *See Barker v. Shalala,* 40 F.3d 789, 793–94 (6th Cir. 1994).

We also review the denial of Glass's Rule 60(b) motion for an abuse of discretion. *See Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998). In that motion, Glass primarily alleged that he had discovered new evidence which indicated that the defendant had not responded to all of his subpoenas and that the defendant's witnesses had perjured themselves at trial. The district court properly rejected the motion because Glass did not show due diligence in obtaining the alleged new evidence and because he did not show that it would have produced a different result at trial. *See id.* at 423–24. Glass continues to argue that the defendant "obtained a judgment by fraudulent practices and perjured testimony," but this conclusory assertion is not sufficient to support his claim.

Accordingly, all pending motions are denied and the district court's orders are both affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.